[Crim. No. 13801. Second Dist., Div. Five. June 5, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. KAREN
CRUTCHER et al., Defendants and Respondents.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, Evelle J. Younger, District Attor-
ney, Harry Wood and Robert J. Lord, Deputy District Attor-
neys, for Plaintiff and Appellant.

Paul Caruso, Cantillon & Cantillon, James P. Cantillon, Richard C. Chier and Martin G. Castillo for Defendants and Respondents.

STEPHENS, Acting P. J.—Defendants were charged by indictment in two counts returned by the Grand Jury with violating section 8603 [11703] of the Elections Code, and in count II, with violating section 8604 [11704] of the Elections Code.[1] It was alleged that they posted, or caused to be posted, cam-

---

[1]These sections have now been renumbered 11703 and 11704, respectively, and read as follows:

"§ 11703: Every advertisement, bill, placard, pamphlet or other printed or duplicated matter having reference to any candidate for nomination for partisan office in the direct primary election, which contains a statement or words to the effect that the candidate has been endorsed or is being supported by a political party, political party organization, or organization using as a part of its name the name of a political party or derivative thereof, shall bear on each surface, page, or fold thereof on which such statement or words appear, or on the front and back surface thereof, in type or lettering at least half as large as the type or lettering of such statement or words or in 10-point roman type, whichever is larger, in a printed or drawn box and set apart from any other printed matter, the following statement:

---

NOTICE TO VOTERS
(Required by law)

The endorsement hereon is by an unofficial political group. Official organizations of the (name) Party are prohibited by law from endorsing candidates in primary elections.

---

"'Nothing in this section shall be construed to apply to any news item, comment, or article, for which no consideration, direct or indirect, is paid by or on behalf of any candidate or committee, and which is published in any regularly published newspaper or magazine which in the ordinary course of business publishes political news items, comments, or articles.''

"§ 11704: Nothwithstanding any provision of Section . . . 11703, in the case of any post card published and circulated by or in behalf of any committee or organization using as a part of its name the name of qualified political party or derivative thereof, which post card is not folded and consists of only two surfaces, on one or both of which surfaces appear a statement or words as described in Section . . . 11703 with reference to a candidate or group of candidates in the direct primary election, the requirements of Section . . . 11703 shall be satisfied if there is printed on both surfaces thereof the words 'published by', followed by the name of the committee or organization printed in not less than 10-point boldface type, followed by the words ', an unofficial political group' printed in not less than 10-point boldface type, provided that this section shall not be construed so as to modify the requirements of Section 11592, and further provided that this section shall not apply to any matter which bears the word 'official' followed by the name of the party or derivative thereof, or the words 'officially endorsed', or to any matter which violates the provisions of Section . . . 11702.''

paign literature showing an endorsement by an unofficial political group bearing as part of its name the name of a political party or derivative thereof without the qualifying legend required by the statutes in question. Defendants demurred to the indictment, and the demurrer was sustained without leave to amend. The People appeal, pursuant to Penal Code section 1238, subdivison 2.

The chapter of the Elections Code which is here involved, 1.5, is known as the Truth in Endorsements Law.[2] There are two sections clearly embodying penal provisions in this law.[3] Section 11702, after declaring what political bodies are "official governing bodies" of a political party, prohibits any such body from endorsing, supporting, or opposing a candidate for nomination to partisan office in the direct primary election. Also, this section prohibits any such candidate, or any person on behalf of such candidate, from claiming he is the officially endorsed candidate of the party.

The limitation upon the official political body is to provide equal and unhampered opportunity for an individual candidate to seek nomination at the primary for a political office as representative of that candidate's political party. The influence of the official political body may not be used for or against any party member. The primary is to seek, fairly, the party representative to contest for that office against such other persons another political party may likewise provide as a candidate seeking that office. The official political body being

---

[2] "§ 11700: This chapter shall be known and may be cited as the Truth in Endorsements Law."

[3] "§ 11702: The state convention, state central committee, and the county central committee in each county are the official governing bodies of a party qualified to participate in the direct primary election. The state convention, state central committee, and the county central committee in each county shall not endorse, support, or oppose, any candidate for nomination by that party for partisan office in the direct primary election. No candidate for such nomination shall claim, nor shall any other person claim on his behalf, that he is the official candidate or the officially endorsed candidate of that party."

"§ 11706: In addition to any other penalty, no payment shall be made or allowed to any person in consideration for his having prepared, printed, published, or circulated, or assisted in the preparation, printing, publishing, or circulating of any advertisement, bill, placard, poster, or other printed or duplicated matter in violation of Section . . . 11703. Any person who knowingly pays or receives a payment in violation of this section is guilty of a misdemeanor.

"The superior court, in any case brought before it by any registered voter, may issue a temporary or permanent restraining order or injunction against the publication, printing, circulation, posting, broadcasting, or telecasting of any matter in violation of this chapter, and all cases of this nature shall be in a preferred position for purposes of trial and appeal, so as to assure the speedy disposition thereof."

prohibited from exercising its influence, no candidate, or his workers, may claim the official political body has done that which it is prohibited from doing. The descriptive provisions of sections 11703 and 11704 make clear what printed literature and verbal or pictorial advertisement[4] on behalf of a candidate is not violative of section 11702.

 Sections 11703 and 11704 under which the defendants were charged are not on their face penal. The People contend that they are made penal by sections 29001 and 29002[5] of the Elections Code.

The People argue: "Thus two basic questions are presented: *First,* whether as a matter of statutory construction sections 8603 [11703] and 8604 [11704] of the Elections Code are also enforced by the Penal provisions of Elections Code 29001 and 29002. *Second,* in the event these sections do apply, whether the statutes are sufficiently definite to be enforced by criminal sanctions."

In answering the "First" question, we note that the defendants were not charged with violating section 8606 [11706].[6] The crux of a violation of the penal provision of 11706 is that a defendant charged thereunder must have knowingly paid or received a payment for having prepared, printed, published, or circulated (or assisted therein) any item not meeting the requirements of sections 11703 and 11704.

The fact that the penal portion of section 11706, i.e., the paying or receiving of a payment, is not that charged in the instant case is said to satisfy the preconditions set forth in sections 29001 and 29002 "unless a different punishment is prescribed

---

[4] "§ 11075: The requiremer.ts of Section . . . 11703 shall apply to any paid political advertisement intended for broadcast or telecast by radio or television, except that the 'Notice to Voters' required by Section . . . 11703 shall be read in full instead of printed."

[5] "§ 29001: Every person who willfully violates any of the provisions of the laws of this State relating to election is, unless a different punishment is prescribed by this code, punishable by a fine not exceeding one thousand dollars ($1,000) or by imprisonment in the state prison not exceeding five years, or by both."

"§ 29002: Every person charged with the performance of any duty under the provisions of any law of this State relating to elections, who willfully neglects or refuses to perform it, or who, in his official capacity, knowingly and fraudulently acts in contravention or violation of any of the provisions of such laws, is, unless a different punishment is prescribed by this code, punishable by fine not exceeding one thousand dollars ($1,000) or by imprisonment in the state prison not exceeding five years, or by both."

[6] This section of the Elections Code has been renumbered 11706, and is set forth in footnote 3, *supra.*

by this code." It is clear that section 29002 has no application to the instant case for that section concerns itself with persons "charged with the performance of any duty under the provisions of any law of this State relating to elections" and to "official capacity." We are not considering here any such persons.

It is argued that section 29001 is applicable in the instant case, just as it was declared to be in *Benane* v. *International Harvester Co.*, 142 Cal.App.2d Supp. 874 [299 P.2d 750]. There the court had before it the problem of the "pay while voting" statute (5699; now renumbered 14400). The court there said that the refusal of an employer to pay wages to his employees during their two-hour absence to vote was made penal by section 11501 (now renumbered 29001). The act (refusal to pay) and the person so obligated were implicit in the "pay while voting" statute. No such act or person is identified in the sections of the code charged in the instant case.

 Section 15 of the Penal Code defines a crime: "A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, either of the following punishments: [listing various punishments]." There must then exist both prohibited or commanded acts and punishment for violation thereof; without both, there is no crime. (*Matter of Ellsworth,* 165 Cal. 677 [133 P. 272]; *People* v. *McNulty,* 93 Cal. 427, 439 [26 P. 597, 29 P. 61].)

 A reading of sections 11703 and 11704 does not disclose what *acts* or *conduct* are commanded or forbidden nor do these sections state *who* the violator might be. They are sections of description, to be read in the light of the other sections of the "Truth in Endorsements Law." As we have pointed out, after providing for a title to the law, the act relates its needs and purposes; there is then provided a forbidding or command: "No candidate for such nomination shall claim, nor shall any other person claim on his behalf, that he is the official candidate or the officially endorsed candidate of that party." There then follows the detailed description of what must be contained on printed matter having reference to a candidate [§§ 11703 and 11704] to preclude misimpression of the endorsement of a candidate as prohibited by section 11702.[7]

---

[7]No specified punishment for violation of section 11702 is contained within that section, though both the act prohibited and the person pro-

Sections 11703 and 11704 provide that which is *not* a crime. By reference to the definitive sections [11703, 11704 and 11705], section 11706 makes criminal the doing of certain acts rewarding a noncompliance with the minimums prescribed for proper, printed matter under the descriptive sections, and likewise provides for enjoinder of certain acts of dissemination of such nonconforming matter.[8] In substance, what the People seek to have the court do is to read the specific acts prohibited by both paragraphs of section 11706 into sections 11703 and 11704. Had this been the intent of the Legislature (to make penal that which is specifically enjoinable), certainly it would have done so, and it is not for us to so judicially legislate. (*California Democratic Council* v. *Arnebergh,* 233 Cal.App.2d 425, 433 [43 Cal.Rptr. 531].)

We view sections 11702 and 11706 as the specific remedial provisions of the Truth in Endorsements Law. When the penal provision of section 11706 says ''In addition to any other penalty,'' it means that it sets forth conduct which is a separate and distinct crime from those acts violative of section 11702, and also, that acts which are prosecuted as misdemeanors under the first paragraph of the section are also subject to injunction under the second paragraph of the section. This is the total remedial scheme, and we see no room for the application of the general penalty provisions of the Elections Code except as they pertain to a charge under section 11702, and this is not the charge in the instant case.

The second question posed is dependent upon an affirmative answer to the question first posed, and since we do not so answer it, the issue as to alleged vagueness is unnecessary for us to consider. We note, however, that we are urged to consider the question of vagueness of the statutes only as they are applied in conjunction with the general penalty provision of the code. The statutes as they are applied in conjunction with the injunctive provisions of section 11706 were upheld in *California Democratic Council* v. *Arnebergh, supra,* and we do not question the correctness of that decision.

The judgment is affirmed.

Hufstedler, J., and Aiso, J. pro tem.,* concurred.

---

hibited are clearly identified; the provisions of section 29001 are then applicable. (*Benane* v. *Internat. Harvester Co., supra,* 142 Cal.App.2d Supp. 874; *People* v. *Kennedy,* 21 Cal.App.2d 185 [69 P.2d 224].)

 [8]It should be noted that the penal provision of section 11706 is, under the rule of expressio unius, inapplicable to paid broadcast or telecasts, while broadcasts or telecasts are included in the injunctive portion.

*Assigned by the Chairman of the Judicial Council.