[Crim. No. 23381. Second Dist., Div. Four. Jan. 22, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT ANTHONY MICHALS, Defendant and Appellant.

COUNSEL

Dudley Gray for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

DUNN, J.—An information charged defendant with three violations of former Health and Safety Code section 11910, all felonies, in that, on 24 July 1972, he illegally possessed nembutal, amytol and benzedrine. After a nonjury trial, submitted on the transcript of the preliminary hearing, defendant was found guilty as charged. Proceedings were suspended and he was placed on probation under certain conditions. He appeals from the order for probation (judgment, Pen. Code, § 1237).

The record shows that Hermosa Beach Police Officer Cain observed a car being driven southbound in a northbound lane on Hermosa Avenue at 2:10 a.m. the morning of 24 July 1972. He stopped the car. Defendant, the driver, got out after some fumbling and difficulty, and thereafter failed to pass a simple balance test. Since he had a slight odor of alcohol about him, Cain arrested him for driving under the influence of alcohol. Cain took defendant to the police station for booking. In defendant's front and left rear pants pockets a number of loose tablets were found, namely, 24 capsules containing pentobarbital, a barbituric acid derivative, 5 capsules containing secobarbital and amobarbital, also a barbituric acid derivative,

and 52 amphetamine tablets. It was stipulated that defendant was a licensed physician and surgeon and possessed a valid narcotics license. However, when Cain advised defendant that he would additionally be charged under Health and Safety Code section 11910, the evidence showed that defendant did not so inform Cain, volunteering only that he was a "pusher."

Health and Safety Code section 11910, as it existed[1] at the time, read in part: "Except as otherwise provided in Article 8 . . . of Chapter 9 of Division 2 of the Business and Professions Code, every person who possesses any restricted dangerous drug, except upon the prescription of a physician . . . shall be punished by . . . ." ■ Defendant contends that Health and Safety Code section 11910 is a general law and that specific state laws have pre-empted the criminal conduct charged, for which reason defendant's conviction cannot stand, since he should have been charged only under the special laws, violations of which are misdemeanors. We disagree. Defendant cites *People* v. *Gilbert* (1969) 1 Cal.3d 475 [82 Cal.Rptr. 724, 462 P.2d 580]; *In re Williamson* (1954) 43 Cal.2d 651 [276 P.2d 593] and *Baker* v. *Superior Court* (1972) 24 Cal.App.3d 124 [100 Cal.Rptr. 771], which are not helpful.

In regard to this claimed pre-emption, defendant invites our attention to Business and Professions Code section 2390 reading in part: "The use . . . of any of the narcotics specified . . . or the use of any of the dangerous drugs specified . . . to the extent, or in such manner as to be dangerous or injurious to a person holding a certificate under this chapter . . . constitutes unprofessional conduct within the meaning of this chapter." (The "chapter" referred to is ch. 5 of div. 2, relating to licensing in some of the healing arts.) Also brought to our attention is section 2426, providing that any person who violates any provision of this chapter is guilty of a misdemeanor.

We do not find that these sections establish any exception to the general law section, namely, Health and Safety Code section 11910, because, first, the chapter relates to the licensing, the suspension and revocation of licenses of practitioners of the healing arts. The provision of Business and Professions Code section 2390, that violation constitutes "unprofessional conduct," merely defines one ground for revoking a doctor's license under Business and Professions Code section 2360 (reading in part: "Every certificate issued may be suspended or revoked. The board shall refuse a certificate to any applicant guilty of unprofessional conduct."). Section 2390 relates only to a certificated person (here, a medical doctor) and its

---

[1]Repealed and replaced by Statutes 1972, chapter 1407 entitled "Uniform Controlled Substances Act," section 4, effective March 7, 1973.

violation creates a misdemeanor pertinent only to such a person. Health and Safety Code section 11910 is not limited in its application. It applies to "every person" whether or not he be licensed as a practitioner of the healing arts.

Second, in Health and Safety Code section 11910, the Legislature specified exceptions applicable to pharmacists (div. 2, ch. 9, art. 8). No exceptions were made as to doctors although, had the Legislature intended such an exception, it seemingly could have created one. Accordingly, the Legislature's intent is evident.

Third, section 2390 relates to "use" and not to "possession," the latter being the meat of section 11910 with which defendant was charged.

For the foregoing reasons, we conclude that the Business and Professions Code sections do not conflict with the Health and Safety Code section and do not create any exception to it.

Defendant also invites us to consider former Health and Safety Code section 11167 (see fn. 1) reading: "No person shall prescribe, administer, or furnish a narcotic for himself." That code section is not involved, dealing as it does with a different situation. Here, defendant was charged with "possession" and not with prescribing, administering or furnishing a narcotic to himself or to anyone.

Additionally without relevancy, is former Health and Safety Code section 11716 (see fn. 1), although defendant argues its pertinency. That section makes it a misdemeanor to violate any provision of division 10 ("Narcotics"), which includes section 11167. As pointed out, however, that section does not make "possession," alone, a crime.

Because of certain comments made by the trial judge at the conclusion of oral argument, defendant contends the judge entertained, as a matter of law, a reasonable doubt of defendant's guilt. We have reviewed these remarks and disagree with defendant's argument and conclusion.

The order (judgment) is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 20, 1974.