Opinion
COLE, P. J.—
I
Defendant doctor, owner of a weight-control clinic was charged with, and after a jury trial convicted of, two counts of practicing medicine without a license. While the doctor himself is licensed, the charges were based on the theory that he aided and abetted his unlicensed employees to practice. With respect to these counts, defendant makes various contentions about the insufficiency of the evidence, the incompetency of counsel and errors in admitting evidence which are not well taken and which do not require further comment in our view.
In his brief, defendant also assailed the constitutionality of Business and Professions Code section 2141. At oral argument, however, that attack was withdrawn in light of the decision in Bowland v. Municipal Court (1976) 18 Cal.3d 479 [134 Cal.Rptr. 630, 556 P.2d 1081].
*Supp. 12 II
The more serious question in this case is the propriety of the trial court’s action at the close of the trial and before oral argument in adding counts III and IV to the complaint. These counts charge defendant with violating another section of the Business and Professions Code—section 2399.5, prohibiting dispensing dangerous drugs without a good faith prior examination and medical indication therefor.
Before discussing the propriety of the amendment on its merits, we must answer the People’s contention that the issue is not properly before us on appeal. The jury returned a verdict of guilty on all four counts. The docket shows that at the time of probation and sentence hearing, imposition of sentence was suspended on counts I and II and defendant was placed on formal probation for three years on certain conditions. With respect to the added counts, however, the docket simply reads, “Imposition of sentence is suspended.”
It is clear that when the imposition of sentence is suspended in a criminal case, the court has not pronounced judgment and sentence and there is, then, no final judgment or sentence from which to appeal, e.g., People v. McShane (1954) 126 Cal.App.2d Supp. 845, 846 [272 P.2d 571]. Thus, defendant cannot base his appeal on the existence of a final judgment of conviction as such within the meaning of Penal Code section 1466, subdivision 2(a). That subdivision, which contains the statutory authorization for appeals from municipal courts in criminal cases, also provides that “ ... an order granting probation . . . shall be deemed to be a final judgment within.the meaning of this section.” We view the present appeal as being from an implied order granting probation.
The necessary effect of suspending imposition of sentence without saying more, must be that defendant is free to leave the courtroom but that he is not free of judicial control during the period for which the probation must last. (See People v. Banks (1959) 53 Cal.2d 370, 384 [1 Cal.Rptr. 669, 348 P.2d 102].) The defendant obviously could not be committed to jail or prison under such a suspension of sentence. No express terms of probation were stated by the court. Yet, the defendant has been found guilty by a jury and has not been acquitted of the charges. Therefore, the elliptical order can only be regarded as an informal grant of summary probation whose maximum term is three years (Pen. Code, §§ 1203a, 1203b; People v. Municipal Court (Lozano) (1956) 145 Cal.App.2d 767 [303 P.2d 375]).
*Supp. 13 People v. Municipal Court (Lozano) was a case where the court merely said, “ ‘Sixty days in the Oxnard City Jail, all of which sentence is suspended.’ ” This, of course, amounted to a judgment, with execution of sentence itself being suspended. Accordingly, there was no discussion of appealability in the case, for there was no issue of appealability to discuss. The court, however, stated that “[a]n order suspending sentence is nothing more nor less than the granting of probation” (p. 771) and also said that the order was in legal effect the equivalent Of a formal order placing the defendant on probation. The court emphasized that a judge may ordinarily do one of two things at the time a defendant appears for pronouncement of judgment—sentence the defendant, or if eligible, grant probation. Therefore, the suspension of sentence amounted to a grant of probation.
Words of suspension, therefore, logically amount to a grant of probation whether the suspension is of the execution of sentence or the imposition of sentence. There is simply no other way to interpret them. We therefore hold that an appeal lies from the implied order granting probation as to counts III and IV.
We turn to the merits of the order adding counts III and IV. The People argue that the addition of these counts was warranted by evidence at the trial which showed that defendant’s nurse had given shots of a substance called HCG to patients, even though they had not been physically examined. Defendant argued at trial that he had had only 15 minutes’ notice of these additional counts and wanted an opportunity to present witnesses as to what a “good faith prior examination” would be in the medical community. In response to this observation the court stated that it did not think good faith was an issue and that it thought the evidence was uncontradicted that there was no examination prior to prescribing drugs. The court did recognize, however, that the issue was one “not anticipated by either side.” After much colloquy and despite counsel’s claim that he had not been given an opportunity to research section 2399.5, the court overrode the objection and allowed the complaint to be amended, opining that there was no defense to the added charges.
In fairness, it should be stated that thereafter the court told the jury that simply because the amendment had been made to conform to proof, the court was not passing on the merits of whether or not the defendant was guilty of the added charges. At the same time, the court stated that *Supp. 14 by giving this caution it was not taking a position that the defendant was innocent.
Amendments at trial are governed by Penal Code section 1009. With respect to misdemeanor complaints, the relevant part of the statute says: “The court in which an action is pending may order or permit. . . the filing of an amended complaint, for any defect or insufficiency, at any stage of the proceedings. . . . The defendant shall be required to plead to such . . . amended pleading forthwith . . . and the trial or other proceeding shall continue as if the pleading had been originally filed as amended, unless the substantial rights of the defendant would be prejudiced thereby. ... A complaint cannot be amended to charge an offense not attempted to be charged in the original complaint, except that separate counts may be added which might properly have been joined in the original complaint.”
We think that the action of the trial court clearly prejudiced the substantial rights of the defendant. As a matter of elemental due process it prevented his counsel from conducting research to see whether testimony could be presented to overcome the new charge. It requires no citation of authority to state the proposition that the giving of notice is a basic essential of due process.
The People cite various cases, all involving felonies where amendments were allowed. They are inapt. While some of the cases, e.g., People v. Valles (1971) 197 Cal.App.2d 362 [17 Cal.Rptr. 204] and People v. Walker (1974) 82 Cal.App.2d 196 [185 P.2d 842], involved amendments at the end of the trial to add new charges or change old ones, the amendments were based on the fact that the proof to which the new charges conformed had been developed at the preliminary examination of the defendant prior to trial. As the People themselves concede, in felony cases “[a]s a matter of fairness to the defendant ... at trial amendments are limited to charges supporeted by the evidence at the preliminary hearing. Because of the seriousness of the felony situation, there are two stages. It would amount to harassment to bring a new felony charge at the time of trial when the major purpose of the preliminary hearing is to protect defendants from charges that, by judicial determination, would not likely result in a conviction.” The People attempt, then, to argue that misdemeanors are not as serious and “it is more a matter of determining the propriety and fairness of adding a new count” in a misdemeanor case. We think, however, that the unfairness is inherent in requiring an unprepared and unforewamed *Supp. 15 defendant to submit an already tried case to a jury without any opportunity to think about a defense to a newly interposed charge.[1]
Appellant urges that the addition of counts III and IV inevitably prejudiced the jury in its construction of the original counts. This is speculation.
We have given serious consideration to appellant’s contention that defense counsel’s closing argument to the jury with respect to counts I and II was seriously hampered by the addition of counts III and IV. Our reading of the argument shows, to the contrary, that it was logical, cohe.sive and well constructed. We cannot detect any prejudice.
The judgment as to counts III and IV is reversed. The judgment as to counts I and II is affirmed.
Alarcon, J.,- and Wenke, J., concurred.

 Since error is manifest, we need not consider the additional defect arising from the court’s failure to rearraign the defendant, secure his plea, or grant a continuance (Pen. Code, § 1009). See People v. McQuiston (1968) 264 Cal.App.2d 410, 417 [70 Cal.Rptr. 531] [Pen. Code, § 1009 requires rearraignment and a new plea on an amended information, although this is not mandatory where the amendment relates only to minor changes]; People v. Hopkins (1974) 39 Cal.App.3d 107, 119 [113 Cal.Rptr. 880] [waiver of jury trial followed by an amendment without rearraignment held improper]; and People v. Garcia (1966) 240 Cal.App.2d 9, 11 [49 Cal.Rptr. 146, 15 A.L.R.3d 1352] [when a pleading is amended the defendant has a right to a continuance if requested].