[L.A. No. 31079. May 29, 1979.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
JAMES DEWITT DOUGLASS, Real Party in Interest.

## COUNSEL

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, John D. Conley, Oretta D. Sears and Eric W. Snethen, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

James A. Stotler for Real Party in Interest.

## OPINION

MANUEL, J.—In this mandate proceeding we must decide whether a violation of Business and Professions Code section 2399.5, which states that it is unprofessional conduct to prescribe, dispense or furnish dangerous drugs without a good faith prior examination and medical

indication therefor, constitutes a misdemeanor under section 2426 of that code.[1] We conclude that it does not.

Real party in interest James Douglass was charged in an amended complaint in the municipal court with numerous violations of section 2399.5. At the close of the prosecution's case-in-chief in a trial by jury, Douglass moved to dismiss the case for lack of jurisdiction and for judgment of acquittal. The motions were denied, and Douglass thereupon petitioned the superior court for a writ of prohibition. ■ ■■■■ After argument by the parties, the superior court issued a peremptory writ of prohibition restraining the municipal court from further proceedings on the ground that section 2399.5 defined unprofessional conduct subject to disciplinary action by administrative hearing only and not a crime subject to prosecution as a misdemeanor.[2]

The People appealed and also sought a writ of mandate in the Court of Appeal to compel the superior court to vacate its order. The Court of Appeal, without having issued an alternative writ, issued a peremptory writ of mandate commanding the superior court to vacate its order and to recall its writ of prohibition. We granted Douglass' petition for hearing and issued an alternative writ. The inadequacy of the People's remedy by appeal was determined by the Court of Appeal when it issued the peremptory writ. (*Mannheim* v. *Superior Court* (1970) 3 Cal.3d 678, 686 [91 Cal.Rptr. 585, 478 P.2d 17]; *Miller* v. *Superior Court* (1968) 69 Cal.2d 14, 17 [69 Cal.Rptr. 583, 442 P.2d 663].)

Sections 2399.5 and 2426 are part of the State Medical Practice Act (§§ 2000-2528.3), which is chapter 5 of the Business and Professions Code. The chapter was enacted in 1937 as part of the codification of the Business and Professions Code. (Stats. 1937, ch. 414, p. 1377; Stats. 1937, ch. 399, p. 1229.) Chapter 5 is comprised of a number of articles dealing with various topics such as The Physician's and Surgeon's Application (art. 5), Examinations (art. 10), Registration (art. 12), Denial, Suspension and Revocation (art. 13), and Crimes and Penalties (art. 14).

---

[1] Unless otherwise indicated, all statutory references hereafter are to the Business and Professions Code.

[2] Issuance of a writ of prohibition to restrain further proceedings in an ongoing criminal jury trial is unusual. Although we do not question the court's power to have done so, we do question the appropriateness of such action. Considerations of orderly procedure, in our view, require that such power be exercised sparingly and only in the most compelling of circumstances once a criminal jury trial is underway and jeopardy has attached.

Section 2426 is in article 14, Crimes and Penalties. It states: "Unless it is otherwise expressly provided, any person, who violates any provision of this chapter, is guilty of a misdemeanor and shall be punished by a fine of not less than one hundred dollars nor more than six hundred dollars or by imprisonment for a term of not less than sixty days nor more than one hundred eighty days or by both such fine and imprisonment." This section was part of the original codification in 1937 and has never been amended. (See Stats. 1937, ch. 399, p. 1279.)

Section 2399.5, enacted in 1959 (Stats. 1959, ch. 1247, p. 3324), is in article 13, Denial, Suspension and Revocation. Section 2399.5 at the time the charges were brought provided: "Prescribing, dispensing or furnishing dangerous drugs as defined in section 4211 of the Business and Professions Code without a good faith prior examination and medical indication therefor, constitutes unprofessional conduct within the meaning of this chapter."[3]

 The People contend that since section 2399.5 is in chapter 5 and since it does not expressly provide otherwise, a violation of section 2399.5 constitutes a misdemeanor as provided in section 2426. They assert that a review of the framework of chapter 5 reveals that the Legislature must have intended that section 2426 apply to violations of the sections defining unprofessional conduct. We disagree. Indeed, our review of the statutory framework indicates an intent to the contrary.

The provisions of chapter 5 at issue in this case are similar to those contained in a number of other chapters of the Business and Professions Code governing trades, professions and businesses. The interpretation of

---

[3]The section was amended in 1978 (Stats. 1978, ch. 1295, § 1, No. 7 Deering's Adv. Legis. Service p. 1685) by including the quoted language in a new subdivision (a) and adding subdivision (b) as follows:

"(b) No physician and surgeon shall be found to have committed unprofessional conduct within the meaning of subdivision (a) if, at the time drugs were prescribed, dispensed, or furnished: [¶] (1) The physician and surgeon was a designated physician serving in the absence of the patient's physician, provided such drugs were prescribed, dispensed, or furnished only as necessary to maintain the patient until the return of his physician, but in any case no longer than 72 hours; or (2) The physician and surgeon transmitted the order for such drugs to a registered nurse in an inpatient facility provided that such physician and surgeon has consulted with a registered nurse who has reviewed the patient's records and provided that such physician and surgeon was designated as the physician to serve in the absence of the patient's physician; or (3) The physician and surgeon was a designated physician serving in the absence of the patient's physician and was in possession of or had utilized the patient's records and ordered the renewal of a medically indicated prescription for an amount not exceeding the original prescription in strength or amount or for more than one refilling."

such provisions was considered in an Attorney General's opinion given in response to a question regarding chapter 12, the Funeral Directors and Embalmers Law (§ 7600). (29 Ops.Cal.Atty.Gen. 28 (1957).) We find the reasoning in that opinion sound and apply it by analogy to the provisions at issue in this case.

As previously noted, section 2426 states that unless otherwise expressly provided any violation of the provisions of chapter 5 is a misdemeanor punishable in a specified manner. Chapter 5 includes a number of provisions concerning "unprofessional conduct." Section 2361 in part directs the Division of Medical Quality to take disciplinary action against any holder of a certificate who is guilty of "unprofessional conduct." Such disciplinary action is to be governed by the provisions of the Administrative Procedure Act. (§ 2364.) Section 2361, section 2399.5 and a number of other sections specify acts or omissions which are stated to constitute "unprofessional conduct." (See §§ 2361.8, 2377-2399, 2409, 2411.)

Several acts which are stated to constitute "unprofessional conduct" are likewise, by other sections, denounced as crimes. This has been true since the chapter was enacted in 1937. For example, practicing under a name other than that given in one's certificate without a special permit therefor constitutes "unprofessional conduct" (§ 2393) and is a misdemeanor (§ 2429). The use by the holder of any certificate of any letters, words or terms indicating that he is entitled to practice a system of treating the sick for which he is not licensed is "unprofessional conduct" (§ 2395) and also a misdemeanor (§ 2142). The misuse of alcoholic beverages so that it impairs a certificate holder's ability to practice safely on the public constitutes "unprofessional conduct" (§ 2390) and is a misdemeanor if such misuse occurs while in actual attendance on patients (§ 2435). The conviction of certain crimes is also declared to be "unprofessional conduct" (§§ 2383, 2384).

■ It thus appears that where the Legislature intended to make criminal an act or omission specified as constituting unprofessional conduct it has expressly so stated without resort to section 2426. Further indication of such an intent is found in the Legislature's amendment of chapter 5 in 1974 in Assembly Bill No. 4469. (Stats. 1974, ch. 888, p. 1886.) That bill, among other things, amended section 2399.5 by adding the words "dispensing or furnishing," reduced the standard for a finding of "unprofessional conduct" under section 2361 from "gross incompetence" to "incompetence," and added section 2428.5, which expressly made the alteration of a medical record with fraudulent intent

by a physician both a misdemeanor and a ground for disciplinary action. The Legislative Counsel's digest of the bill stated: *"Revises the law relating to the revocation or suspension of licenses issued under the State Medical Practice Act.* [¶] Makes it a misdemeanor for any physician and surgeon . . . to alter or modify the medical record of any person and subjects such person to disciplinary action . . . ."* (Italics in original.) Nothing in the digest suggests the bill affects criminal liability insofar as it pertains to sections 2399.5 and 2361. (See also *Review of Selected 1974 California Legislation* (1975) 6 Pacific L.J. 191.) It is reasonable to presume that the Legislature amended those sections with the intent and meaning expressed in the Legislative Counsel's digest. (See *Maben* v. *Superior Court* (1967) 255 Cal.App.2d 708, 713 [63 Cal.Rptr. 439].) Although subsequent legislation is entitled to little weight in construing earlier statutes, it is not always without significance. (*Mattz* v. *Arnett* (1973) 412 U.S. 481, 505, fn. 25 [37 L.Ed.2d 92, 107, 93 S.Ct. 2245].)

██ We conclude that section 2426 is reasonably susceptible of a construction that would exclude from its reach an act or omission which is declared only to be "unprofessional conduct" and is not expressly described as a violation or crime. Such a construction appears at least as reasonable as that urged by the People. Moreover, the construction urged by the People, whereby section 2426 would make criminal acts or omissions specified as "unprofessional conduct," would render superfluous those provisions previously noted which expressly state that such conduct is criminal. ██ "We have generally been exceedingly reluctant to attach an interpretation to a particular statute which renders other existing provisions unnecessary." (*Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].) Section 2426, though not a model of legislative draftsmanship, appears intended to supply the punishment for those provisions in chapter 5 which designate conduct as a misdemeanor but specify no punishment.[4] (See, e.g., §§ 2141, 2142, 2427, 2428, 2429, 2430, 2431, 2432, 2434.) The penalty provisions in

---

[4]This conclusion is supported by a review of the history of section 2426 and the Medical Practice Act. The act is derived from chapter 354 of the Statutes of 1913. That statute in sections 15, 17 and 18, respectively, provided that violations of the law relating to the filing of certificates to practice medicine with the county clerk, the practicing of medicine without a license, and the bartering of licenses were misdemeanors; each section provided a specific penalty which differed for each offense, ranging from a fine of $25 to $1,000 and/or imprisonment from 10 days to 1 year. (Stats. 1913, ch. 354, §§ 15, 17, 18, pp. 734-736.)

In 1917, the Legislature amended these sections by removing the specific penalty provisions and providing instead that the conduct constitutes a misdemeanor which is punishable "as designated in this act." (Stats. 1917, ch. 81, §§ 10-12, pp. 113-114.) At the same time the Legislature added section 24, the antecedent of section 2426, to provide an

section 2426 are not identical to those for misdemeanors in Penal Code section 19, nor were they identical when section 2426 was enacted. (Stats. 1937, ch. 399, p. 1279.)

■ Generally, the provisions of a penal statute are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice. (Pen. Code, § 4; *People* v. *King* (1978) 22 Cal.3d 12, 23 [148 Cal.Rptr. 409, 582 P.2d 1000].) **(2c)** When the statute is susceptible of two reasonable constructions, however, the defendant is ordinarily entitled to that construction most favorable to him. (*People* v. *King, supra,* 22 Cal.3d at p. 23; *Bowland* v. *Municipal Court, supra,* 18 Cal.3d at p. 488.) In accord with these principles, we construe section 2426 as not applying to conduct alleged to be in violation of section 2399.5 or other sections which define unprofessional conduct only. We disapprove *People* v. *Berkowitz* (1977) 68 Cal.App.3d Supp. 9 [137 Cal.Rptr. 313], and *People* v. *Michals* (1974) 36 Cal.App.3d 850 [111 Cal.Rptr. 892], to the extent they are inconsistent with this opinion.

The alternative writ of mandate is discharged and the peremptory writ of mandate is denied.

Bird, C. J., Tobriner, J., Mosk, J., and Newman, J., concurred.

**RICHARDSON, J.**—I respectfully dissent. The following analysis of the relevant statutory provisions leads me to the inevitable conclusion that real party's conduct, if established, constitutes a misdemeanor and is properly punishable as such. Real party is accused of prescribing or furnishing dangerous drugs without prior examination and medical indication therefor. Such conduct is expressly proscribed as "unprofessional conduct" under section 2399.5 of the Business and Professions Code. In turn, "unprofessional conduct" is defined in section 2361 of that code as including "(a) Violating . . . any provision or term of this chapter [i.e., the chapter containing sections 2000 through 2528.3]." Finally,

---

omnibus penalty provision in lieu of the specific provisions that had been in each section. (Stats. 1917, ch. 81, § 13, p. 115.) Section 24 provided in pertinent part that "for a violation of any provision of this act, the said violator shall be guilty of a misdemeanor, unless otherwise specifically provided in this act, and shall be punished by a fine of not less than one hundred dollars nor more than six hundred dollars or by imprisonment for a term of not less than sixty days nor more than one hundred eighty days or by both such fine and imprisonment."

The legislative history thus indicates that section 2426 was not intended to make every violation of a rule of conduct a misdemeanor, but rather to provide a standardized penalty for the various misdemeanor offenses.

section 2426 provides that "Unless it is otherwise expressly provided, any person who violates any provision of this chapter, is guilty of a misdemeanor and shall be punished [as specified] . . . ." Real party's alleged conduct was "unprofessional conduct" which violated section 2399.5 of the code. It follows that such conduct constituted a misdemeanor under section 2426.

In amplification, I adopt the probing and cogent analysis of the relevant statutes contained in the opinion of Justice Kaufman writing for the Fourth Appellate District, Division Two, in this case. In pertinent part, Justice Kaufman's opinion reads as follows:

Chapter 5 of the Business and Professions Code constitutes the chapter on medicine and is referred to as the State Medical Practice Act. (§ 2000.) It was enacted in 1937 as part of a codification. (Stats. 1937, ch. 414, p. 1377; Stats. 1937, ch. 399, p. 1254.) It is comprised of a number of articles dealing with separate but perhaps related topics and variously titled, e.g., "Loans for Medical Students," "The Physician's and Surgeon's Application," "Examination," "Denial, Suspension and Revocation" (art. 13), "Crimes and Penalties" (art. 14), and "Medical Corporations."

Section 2426 is found in article 14 (Crimes and Penalties) of chapter 5 and reads: "Unless it is otherwise expressly provided, any person, *who violates any provision of this chapter, is guilty of a misdemeanor* and shall be punished by a fine of not less than one hundred dollars nor more than six hundred dollars or by imprisonment for a term of not less than sixty days nor more than one hundred eighty days or by both such fine and imprisonment." (Italics added.) This section was part of the original codification in 1937. (See Stats. 1937, ch. 399, p. 1279.)

Section 2399.5, first enacted in 1959 (Stats. 1959, ch. 1247, p. 3324) and last amended in 1974 (Stats. 1974, ch. 888, p. 1888) is found in article 13 (Denial, Suspension and Revocation) of chapter 5 and provides: "Prescribing, dispensing or furnishing dangerous drugs as defined in section 4211 of the Business and Professions Code without a good faith prior examination and medical indication therefor, *constitutes unprofessional conduct* within the meaning of this chapter." (Italics added.)

The People's position is that section 2399.5 is a provision within chapter 5, that it does not expressly provide that its violation does not constitute a crime, and that, therefore, [real party's] conduct in violation

of section 2399.5 constitutes a misdemeanor as provided in section 2426. The People's position is sound.

[Real party] contends that section 2399.5 does not define a criminal offense because it does not comport with the definition of a crime or public offense found in Penal Code section 15. That section reads in pertinent part: "A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, either of the following punishments: [¶] . . . [¶] 2. Imprisonment; [¶] 3. Fine; . . ." It is true as [real party] asserts that the requisites specified by Penal Code section 15 are in the conjunctive and that not only must one of the requisite punishments be prescribed for violation but some act must be prohibited or commanded. (*McComb* v. *Superior Court,* 68 Cal.App.3d 89, at pp. 96-97 [137 Cal.Rptr. 233]; *People* v. *Crutcher,* 262 Cal.App.2d 750, 754 [68 Cal.Rptr. 904].) Nevertheless, [real party's] contention is not meritorious.

It is not required that the specification of the act, the command to do it or refrain from doing it, and the specification of the requisite penalty for its violation all be included in the same code section. It is a common legislative practice to indicate in one section that the commission or omission of acts specified in other code sections constitutes a crime and is punishable in a specified way. (See, e.g., Gov. Code, §§ 1090-1096, 1097; *People* v. *Watson,* 15 Cal.App.3d 28 [92 Cal.Rptr. 860]; Health & Saf. Code, §§ 11173 [formerly § 11170], 11174 [formerly 11170.5], 11374; *People* v. *Oviedo,* 106 Cal.App.2d 690 [235 P.2d 612]; *People* v. *Kennedy,* 21 Cal.App.2d 185, 192-193 [69 P.2d 224] [former Pol. Code, § 1265 and former Pen. Code, § 61].) Indeed, the requisite punishment may not be specified in the related code sections at all but only by Penal Code sections 18 or 19.[2] In such cases, the several code sections are construed together. (*People* v. *Kennedy,* 21 Cal.App.2d at p. 193; see Code Civ. Proc., § 1858.)

Read together, sections 2426 and 2399.5 fully satisfy the requirements of Penal Code section 15. They forbid prescribing, dispensing or furnishing dangerous drugs without a good faith prior examination and medical indication therefor; they declare such conduct to be a misdemeanor and prescribe, upon violation, punishment by fine and imprison-

[2]Penal Code section 18 reads in part: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony . . . [is punishable in a specified way]." The language of Penal Code section 19 is identical to the quoted language of section 18 except that it relates to misdemeanors and the prescribed punishment is, of course, less severe.

ment. It is not necessary, as [real party] contends, that the prohibition be expressed in such terms as "no person shall . . ." or "it shall be unlawful to . . . ." Penal Code section 15 does not require the proscribed conduct to be forbidden in any certain language. It is true that section 2399.5 states only that the proscribed conduct constitutes unprofessional conduct. But that language alone certainly indicates the specified conduct is not permitted. In any event, however, section 2426 expressly provides that a violation of "any provision of this chapter" is a misdemeanor, and section 2399.5 is a provision within the same chapter as section 2426. A statute declaring that certain conduct constitutes a misdemeanor is at least equivalent to a declaration of unlawfulness, which [real party] concedes is a sufficient prohibition to satisfy Penal Code section 15.

While [real party's] assertion that no reported case has upheld a conviction for violation of section 2399.5 appears to be correct, in *People* v. *Berkowitz*, 68 Cal.App.3d Supp. 9 [137 Cal.Rptr. 313], the court, although it reversed the convictions on the counts based on section 2399.5 on another basis, assumed violation of that section would constitute a crime, and in *People* v. *Michals*, 36 Cal.App.3d 850 [111 Cal.Rptr. 892], the court in a dictum stated that a violation of Business and Professions Code section 2390 constitutes a misdemeanor. The pertinent language of section 2390 is: "The use or prescribing for or administering to himself, of any . . . narcotic drug . . . or of alcoholic beverages to the extent, or in such manner as to be dangerous or injurious to a person holding a certificate under this chapter, or to any other person or to the public . . . *constitutes unprofessional conduct* within the meaning of this chapter." (Italics added.)

Similarly, [real party's] contention that the statute gives insufficient notice of the conduct prohibited, the persons to whom it is directed, and the fact that engaging in the prohibited conduct constitutes a crime is without merit principally because it takes no account of section 2426. Unlike the code sections involved in *People* v. *Crutcher, supra,* 262 Cal.App.2d at pages 753-755, section 2399.5 specifies without any significant ambiguity or uncertainty the conduct proscribed and sections 2399.5 and 2426 together give adequate notice that any person engaging in the proscribed conduct is guilty of a misdemeanor.

Finally, [real party] makes numerous arguments in support of his contention that in enacting section 2399.5 the Legislature did not intend a penal statute. The basic argument is that section 2399.5 merely declares the proscribed conduct to constitute unprofessional conduct; that the

section is found in the article entitled "Denial, Suspension and Revocation"; that the opening sections in that article set forth the authority and duty of the Board of Medical Quality Assurance to take disciplinary action against practitioners guilty of unprofessional conduct and that, therefore, the sole purpose of section 2399.5 is to specify one act of unprofessional conduct and the only sanction for violation of the section is disciplinary action by the board just as is true with respect to attorneys who violate the Rules of Professional Conduct of the State Bar of California (see Bus. & Prof. Code, § 6077). The fundamental flaw in the argument is that it fails to take account of section 2426 which makes violation of any provision of chapter 5 a misdemeanor unless otherwise specifically provided. We are apprised of no similar penal provision accompanying the rules of professional conduct applicable to attorneys. Obviously, one purpose of section 2399.5 is, as real party contends, to specify one of the acts which constitutes unprofessional conduct and which, as such, is a ground for disciplinary action by the board. Were there no accompanying penal provision, [real party's] argument that that is the section's sole purpose would be persuasive. However, there is no legal prohibition against the Legislature's providing that specified conduct constitutes both grounds for discipline and criminal conduct (see 2 Witkin, Cal. Crimes (1963) § 978, p. 932), and here the Legislature has done so by enacting section 2426 making it a misdemeanor to violate any provision of chapter 5. Section 2399.5 is within chapter 5 and clearly constitutes a "provision" as that term is used in section 2426. Section 2361 defining unprofessional conduct uses virtually the same expression: "Unprofessional conduct includes . . . [v]iolating . . . any *provision* or term *of this chapter.*" (Italics added.)

[Real Party's] contention that the application of section 2426 is limited to sections which expressly prohibit conduct in terms such as "[n]o licensed physician . . . shall . . ." is not persuasive. In the first place, section 2426 expressly refers to "any provision of this chapter." That language is not significantly ambiguous. Moreover, the only sections mentioned by [real party] as containing such language are sections 2157, 2157.1 and 2157.2. We note also that section 2156 employs similar language. However, as previously pointed out, section 2426 was included in the original codification of the act in 1937. A reading of the act as then enacted does not disclose a single section containing such language. (See Stats. 1937, ch. 399.) Thus, section 2426 could not have been intended to apply only to other sections of the act containing such language. Sections 2156, 2157, 2157.1 and 2157.2 were all added in 1975. (See Stats. 1975, ch. 267, p. 674.)

[Real party] also asserts that the application of section 2426 to section 2399.5 and similar sections would have an anomalous result. The argument is that section 2361 declares that criminal conduct is unprofessional conduct and that if section 2426 is applied to sections like 2399.5 specifying unprofessional conduct, the result is that unprofessional conduct is criminal conduct and criminal conduct is unprofessional conduct. Were that true, we would perceive no inconsistency. However, section 2361 does not declare that any criminal conduct is unprofessional conduct. It provides in subdivision (f) that the commission of any act involving moral turpitude, dishonesty or corruption constitutes unprofessional conduct whether the act is a felony or a misdemeanor. Section 2383 is to the same effect.

Recognizing that section 2426 must be given some effect, [real party] contends first that what it means is that where another provision in chapter 5 declares that conduct is criminal but does not specify whether it constitutes a felony or a misdemeanor, section 2426 has the effect of declaring it to be a misdemeanor. We are unpersuaded. That is simply not what section 2426 says. It provides in relatively unambiguous language that "any person, who violates any provision of this chapter, is guilty of a misdemeanor . . . ." Secondly, the only section in the act we have found which declares conduct to be criminal but does not specify whether the crime is a felony or a misdemeanor is section 2141.5. But section 2141.5 was not added to the act until 1967 (see Stats. 1967, ch. 1103, p. 2741) whereas section 2426 was enacted in 1937 at a time when, so far as we have discovered, the act contained no section at all declaring conduct criminal but not specifying a misdemeanor or a felony. (See Stats. 1937, ch. 399.) Moreover, section 2141.5 provides for alternative punishments appropriate to either a misdemeanor or a felony, and the classification of the offense would depend not on section 2426 but the actual punishment imposed following conviction.

Finally, [real party] suggests that section 2426 is nothing more than a punishment section such as Penal Code sections 18 and 19 (see fn. 2, *ante*) and was intended simply to prescribe the punishment where another section declares that certain conduct constitutes a misdemeanor but does not prescribe the punishment (e.g., §§ 2141, 2142, 2142.10, 2154, 2427 et seq.). Again, [real party] ignores the section's express language: "Unless it is otherwise expressly provided, any person, who violates any provision of this chapter, *is guilty of a misdemeanor* and shall be punished by a fine [etc.]." (Italics added.) If the section were interpreted as [real party] suggests the italicized words would be rendered meaningless. In constru-

ing statutory language it is fundamental that effect is to be given to each sentence, phrase and word. (*Whitley* v. *Superior Court,* 18 Cal.2d 75, 78 [113 P.2d 449].) It is a cardinal rule of statutory construction that an interpretation making some words meaningless and surplusage is to be avoided. (*People* v. *Gilbert,* 1 Cal.3d 475, 480 [82 Cal.Rptr. 724, 462 P.2d 580].) [End of Justice Kaufman's opinion.]

I would grant a peremptory writ of mandate as prayed.

Clark, J., concurred.