Opinion
SAETA, J.
On June 20, 1979, Department of Weights and Measures Inspector John Murray inspected the scale at Jojono’s Delicatessen and found that it registered one-half ounce above true weight. Murray cited employee Paul Nunneri, who was behind the counter, for violations of Business and Professions Code section 12107[1] and California Administrative Code, title 4, section 3015.4.1, which states, “A scale shall be maintained in balance.”
At the court trial it was established that defendant made use of the scale in the course of his employment. However, he testified it was not part of his job to maintain the scale in balance and he did not know how to adjust it. There was no proof to the contrary. The trial judge held that section 3015.4.1 must be complied with by any person who uses a scale, and was therefore applicable to defendant. Defendant brings a timely appeal from the judgment of conviction.
The only contention on appeal is that a showing that a person uses a scale, without more, is insufficient to establish a duty on the part of that individual to maintain the scale in balance. California Administrative Code, title 4, section 3015.4.1 is a public welfare offense which is “dependant merely upon the commission of a forbidden act irrespective of any specific intent.” (People v. Schwartz (1937) 28 Cal.App.2d Supp. 775, 777 [70 P.2d 1017]; People v. Vogel (1956) 46 Cal.2d 798, 801, fn. 2 [299 P.2d 850].) Employers may be *Supp. 38 held responsible for acts of their employees (e.g. People v. Travers (1975) 52 Cal.App.3d 111 [124 Cal.Rptr. 728]) and partners can be held liable for the acts of their partners (e.g. In re Casperson (1945) 69 Cal.App.2d 441, 444-445 [159 P.2d 88]). However, in this case, the issue is whether the defendant can be held responsible for the act of his employer. We say the act of the employer, because we construe the section involved as putting the duty of maintenance of the scale on the employer. We reach this conclusion by examining the section in question in the context of the entire regulation. (Moyer v. Workmen’s Comp. Appeals Bd. (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; Bowland v. Municipal Court (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].)
Administrative regulations of weights and- measures are divided into the two main categories which are directed primarily to manufacturers (Cal. Admin. Code, tit. 4, § 3005.35) and users (Cal. Admin. Code, tit. 4, § 3005.39). User requirements are divided into the four categories of (1) selection (§ 3015.1) (2) installation (§ 3015.2), (3) use (§ 3015.3) and (4) maintenance requirements (§ 3015.4). The regulation which defendant is charged with violating comes under the “maintenance requirement” category regarding commercial scales. (Ibid.) In this statutory context, it can be seen that user requirements involve more than the mere “use” of scales. We think it would be a strained construction of the statute to say that a duty fell on a delicatessen employee to select or install suitable scales. By a parity of reasoning, he should have no liability for maintenance of the scales unless that was part of his duties as an employee. According to Webster’s Third New International Dictionary, the first usage of “maintain” is “to keep in a state of repair.” Defendant here had no such duties according to the record of this trial. We do not mean to imply that a business employee may defraud the public by knowingly selling short weighted goods. There are a number of statutes, however, not charged in this case, which regulate such conduct (e.g. Bus. & Prof. Code, §§ 12020, 12023, 12024 and 12510, subd. (h)).
In light of the foregoing, and of the familiar principles giving a criminal defendant the benefit of the doubt in resolving an ambiguously worded statute (Daudert v. People (1979) 94 Cal.App.3d 580, 587 [156 Cal.Rptr. 640]; People v. Superior Court (Douglass) (1979) 24 Cal.3d 428, 435 [155 Cal.Rptr. 704, 595 P.2d 139]), we hold that the maintenance regulation which defendant was charged with violating does not apply to a mere employee-user of a scale. The evidence contains no hint *Supp. 39 that his position was more than this, and, accordingly, does not support the judgment of conviction.
The case is reversed and remanded to the trial court with directions to dismiss the complaint.
Ibáñez, P. J., and Fainer, J., concurred.

 Business and Professions Code section 12107 authorizes the director of the Department of Agriculture to make regulations for weights and measures and makes violation of these regulations unlawful. Violation constitutes a misdemeanor. (Pen. Code, § 177.)