[Civ. No. 40184. First Dist., Div. Two. Mar. 15, 1977.]

MARSHALL F. McCOMB, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, Respondent;
COMMISSION ON JUDICIAL PERFORMANCE,
Real Party in Interest.

**COUNSEL**

Ropers, Majeski, Kohn, Bentley & Wagner, Eugene J. Majeski, Gregory S. Stout and Wallace P. Douglass for Petitioner.

No appearance for Respondent.

William O. Weissich and Randolph E. Heubach for Real Party in Interest.

**OPINION**

**TAYLOR, P. J.**—Petitioner is an 82-year-old judge who is the subject of formal proceedings instituted before the Commission on Judicial Qualifications (now the Commission on Judicial Performance) to inquire into his fitness to perform his duties as a justice of the Supreme Court of California. ▓ ▓▓ He seeks an appropriate writ to review an order of the superior court finding him guilty of contempt of court for his failure and refusal to submit to the taking of his deposition at the time and place specified and directed by the court and decreeing that he be punished for such contempt by imprisonment until he submits to the

taking of his deposition.[1] This case has been fully briefed by petitioner and the commission and since the issues to be decided are purely matters of law, we have determined that an order to show cause would add nothing to the full presentation already made and we decide the matter peremptorily.

The matter arose as follows: On April 29, 1976, after a preliminary investigation, the commission, real party in interest herein, instituted formal proceedings against petitioner to inquire into his ability to perform his duties as a justice of the Supreme Court of California.

On June 11, 1976, the commission issued an order directing that petitioner appear on July 9, 1976, and submit to the taking of his deposition. On August 5, 1976, after petitioner had failed and refused to appear at the time and place specified in the order, the commission petitioned the superior court for an order requiring petitioner to appear and testify. On September 20, 1976, over the objections of petitioner, the superior court made an order requiring petitioner to appear and testify on October 1, 1976; and a subpoena to take his deposition was issued by the clerk of the superior court.

On September 29, 1976, after petitioner had been personally served with certified copies of the order and subpoena, petitioner filed in the superior court his written declaration under penalty of perjury stating that upon the advice of his attorneys, he would not appear at the time and place set for the taking of his deposition and would not answer any questions touching upon the charges against him, asserting his constitutional privilege against self-incrimination.

On October 4, 1976, after petitioner had failed to obey the order and subpoena, the commission sought and the superior court issued an order that petitioner show cause why he should not be adjudged guilty of contempt of court and punished accordingly.

On October 18, 1976, petitioner filed an answer to the order to show cause, contending that he had, in his declaration under penalty of

---

[1] A judgment of contempt which is made final and conclusive by section 1222 of the Code of Civil Procedure is not appealable (Code Civ. Proc., § 904.1, subd. (a)(2)), but may be reviewed by certiorari, or, where appropriate, by habeas corpus (*In re Buckley* (1973) 10 Cal.3d 237, 259 [110 Cal.Rptr. 121, 514 P.2d 1201, 68 A.L.R.3d 248]). We choose to treat the petition as a petition for a writ of review. Enforcement of the order has been stayed pending final determination of the merits of this petition.

perjury, asserted his constitutional privilege not to be called as a witness and not to testify, and therefore he could not be held in contempt for his refusal to appear and submit to his deposition as directed in the order and the subpoena.

On October 25, 1976, after a hearing at which petitioner did not appear in person but did appear through counsel, the superior court found petitioner guilty of contempt of court for his failure and refusal to submit to the taking of his deposition at the time and place specified and directed by the court and ordered that he be punished for such contempt by imprisonment until he submits to the taking of his deposition. The superior court stayed the execution of the order until November 8, 1976, to afford petitioner an opportunity to seek review of the order.

Petitioner contests the jurisdiction of the commission to proceed against him, contends that the commission has exercised its powers in a manner which has abridged his privileges and immunities, denied him due process of the law and the equal protection of the laws, and argues that the enactment of Proposition 7 on November 2, 1976, has subjected him to an ex post facto law.[2] In this case, in view of subsequent developments hereafter noted, we are bound to vacate the contempt order for reasons wholly unconcerned with the jurisdiction of the commission to proceed against petitioner. Consequently, for purposes of this opinion, we need not discuss all of the issues raised. However, for the guidance of the commission, we deem it appropriate and helpful to discuss its authority to issue the subpoena and the authority of the court to act in aid of the commission.

The authority of the commission to inquire into the fitness of petitioner to perform his duties as a justice of the Supreme Court of California has been granted under article VI, section 18 of the state Constitution and the necessary implementation of this constitutional power has been expressly provided for by statute (Gov. Code, § 68701 et seq.). In the conduct of investigations and formal proceedings, the commission has the general power to administer oaths, to issue subpoenas for the attendance of witnesses, and to make orders for or concerning the inspection of books and records (Gov. Code, § 68750). In addition,

---

[2]Under an amendment to article VI, section 18 of the California Constitution, adopted at the November 1976 General Election, a recommendation by the commission for the removal or retirement of a justice of the Supreme Court is reviewed by a tribunal of seven Court of Appeal justices selected by lot.

Government Code section 68753 expressly provides that "In any pending investigation or formal proceeding, the commission or the masters may order the deposition of a person residing within or without the State to be taken in such form and subject to such limitations as may be prescribed in the order." ■ Neither this section nor any other provision of law exempts a judge who is the subject of a proceeding under article VI, section 18 from the class of "person[s]" whose depositions may be taken under the provisions of Government Code section 68753.

Government Code section 68753 further provides that "If the judge and counsel for the commission do not stipulate as to the manner of taking the deposition, either the judge or counsel may file in the superior court a petition . . . asking that an order be made requiring such person to appear and testify before a designated officer. Upon the filing of the petition, the court may make an order requiring such person to appear and testify. A subpoena for such deposition shall be issued by the clerk and the deposition shall be taken and returned, in the manner prescribed by law for depositions in civil actions." Disobedience of a lawful order of a court of justice or of a subpoena duly served, or refusal to be sworn or answer as a witness are contempts of the authority of the court (Code Civ. Proc., § 1209, subds. 5 and 9), punishable under the provisions of Code of Civil Procedure section 1218 or 1219.

Petitioner argues that he may not be held in contempt for disobedience of the order and subpoena, for the order and subpoena directing him to appear and submit to his deposition violated his constitutional privilege against self-incrimination (Cal. Const., art. I, § 15; U.S. Const., Amend. V and XIV). ■ It is well established in this state that an order made in violation of a person's constitutional rights is issued without or in excess of jurisdiction and cannot produce a valid judgment of contempt (*In re Berry* (1968) 68 Cal.2d 137, 147 [65 Cal.Rptr. 273, 436 P.2d 273]). A person affected by such an order has a choice of complying with the order or, at his peril, disobeying the order and raising his jurisdictional contentions when he is sought to be punished for such disobedience. "If he has correctly assessed his legal position, and it is therefore finally determined that the order was issued without or in excess of jurisdiction, his violation of such void order constitutes no punishable wrong. [Citations.] If, however, the final judicial determination is otherwise he may be punished" (*In re Berry, supra*, p. 149).

The commission argues that the privilege not to be called as a witness and not to testify may be asserted only by a *defendant in a criminal case,* and that all other persons, including a judge who is the subject of a proceeding under article VI, section. 18, must appear when subpoenaed as a witness but may assert the privilege to refuse to disclose any matter that may tend to incriminate them, as provided in Evidence Code section 940 and *People* v. *Whelchel* (1967) 255 Cal.App.2d 455, 456 [63 Cal.Rptr. 258]).

In order to determine whether petitioner has correctly assessed his legal position, we must decide whether petitioner is a *defendant in a criminal case* and thus entitled to assert the privilege not to be called as a witness and not to testify. Except as otherwise provided by statute, no person has a privilege to refuse to be a witness (Evid. Code, § 911). An exception is contained in Evidence Code, section 930, which provides that "To the extent that such privilege exists under the Constitution of the United States or the State of California, a *defendant in a criminal case* has a privilege not to be called as a witness and not to testify" (italics added). The Constitution of the United States, Amendment V, in pertinent part, declares that "No person . . . shall be compelled in any *criminal case* to be a witness against himself . . ." (italics added). The corresponding provision in the California Constitution is contained in article I, section 15, which declares that "Persons may not . . . be compelled in a *criminal cause* to be a witness against themselves . . . " (italics added).

Penal Code section 15 defines a crime as follows: "A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, *and* to which is annexed, upon conviction, either of the following punishments:

"1. Death;

"2. Imprisonment;

"3. Fine;

"4. Removal from office; or,

"5. Disqualification to hold and enjoy any office of honor, trust, or profit in this State" (italics added). ▇ The section is in the conjunc-

tive; both of the conditions must be satisfied before the act will constitute a crime (*People* v. *Crutcher* (1968) 262 Cal.App.2d 750, 754 [68 Cal.Rptr. 904]).

The notice of formal proceedings to inquire into allegations against petitioner charges petitioner in count one with wilful and persistent failure to perform his duties; in count two with conduct prejudicial to the administration of justice that brings the judicial office into disrepute; in count three with having a disability that seriously interferes with the performance of his duties and is, or is likely to become, permanent; and in count four with wilful misconduct in office. In order that a public offense be committed, some statute, ordinance, or regulation prior in time to the commission of the act must denounce it (*Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 632 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]). None of the foregoing acts or omissions described in the above counts is denounced as a crime by statute, ordinance or regulation. Subcount E under count four does charge petitioner with acts which would be in violation of statute (presentation of unlawful claims, defined as a crime by Pen. Code, § 72).[3]

But the commission is not invested with the power to prosecute a criminal action, nor is it a court with jurisdiction to legally convict and punish a person who is charged with a public offense. A criminal action, a proceeding by which a party charged with a public offense is accused and brought to trial and punished (Pen. Code, § 683), is prosecuted in the name of the People of the State of California, as a party, against the person charged with the offense (Pen. Code, § 684), who is designated as the defendant (Pen. Code, § 685). No person can be punished for a public offense, except upon a *legal conviction in a court having jurisdiction thereof* (Pen. Code, § 681). The commission has no authority to prosecute or punish a person charged with a public offense; the power of the commission extends no further than to *recommend* to the Supreme Court the removal or retirement of a judge who is the subject of a proceeding under article VI, section 18 of the Constitution.

We find the proceedings against petitioner instituted by the commission to be analogous to disciplinary proceedings instituted by the State Bar against attorneys at law to inquire into their fitness to continue in the capacity of officers of the court. It has been held that the purpose of

---

[3]Count four was dismissed in its entirety by the special masters with the approval of the commission on November 8, 1976.

disciplinary proceedings against attorneys is not to punish the individual but rather to protect the courts and public from the official ministrations of persons unfit to practice, and that such a proceeding is not a criminal case for purposes of the privilege against self-incrimination (*Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 886 [126 Cal.Rptr. 793, 544 P.2d 929]; *Black* v. *State Bar* (1972) 7 Cal.3d 676, 688 [103 Cal.Rptr. 288, 499 P.2d 968]; *In re Vaughan* (1922) 189 Cal. 491, 496-497 [209 P. 353, 24 A.L.R. 858]). ■ Likewise, in the case of a judge who is the subject of a proceeding under article VI, section 18 of the Constitution, the object of the proceeding is to protect the public and the litigants before the court from the official ministrations of a judge unfit for his high office. Since the object of both proceedings is the same, we find no valid reason for according to a judge who is the subject of a proceeding under article VI, section 18 of the Constitution any greater protection with respect to the privilege than that accorded to attorneys who are the subjects of disciplinary proceedings to inquire into their fitness to continue in the capacity of officers of the court.

■ Accordingly, we hold that a judge who is the subject of proceedings "which are neither criminal nor before a 'court of justice' . . ." (*McCartney* v. *Commission on Judicial Qualifications* (1974) 12 Cal.3d 512, 521 [116 Cal.Rptr. 260, 526 P.2d 268]) does not have the privilege afforded to a defendant in a criminal case to refuse to respond as a witness and to testify (Evid. Code, § 930); he may be called upon to testify and can refuse only to disclose a matter that may tend to incriminate him (Evid. Code, § 940). (Cf. *Black* v. *State Bar, supra,* p. 688; *Segretti* v. *State Bar, supra,* p. 886.) We conclude that the order of the superior court and the subpoena directing petitioner to appear and testify at a deposition were valid, and that petitioner's disobedience of the order and subpoena was a contempt of the authority of the court.[4]

If the superior court had elected to punish petitioner, pursuant to the provisions of Code of Civil Procedure section 1218, we would not interfere with the order. We have determined, however, that because of the provisional nature of the order and events occurring subsequent thereto, petitioner cannot be further restrained of his liberty. Unlike a commitment under Code of Civil Procedure section 1218, which authorizes imprisonment for a definite term, a commitment under Code

---

[4]Although an attorney may not be held in contempt of court for advising his client, in good faith, to assert his privilege against self-incrimination (*Maness* v. *Meyers* (1975) 419 U.S. 449 [42 L.Ed.2d 574, 95 S.Ct. 584, 594-595]), the client risks contempt if the attorney's advice proves to be wrong.

of Civil Procedure section 1219 is provisional. Under Code of Civil Procedure section 1219, a contemnor may be imprisoned until he has performed an act "which is yet in the power of the person to perform. . . ." It has been held that the conditional imprisonment of a witness for civil contempt for refusal to testify must cease when the jury has been discharged and the trial concluded (*Ex Parte Overend* (1898) 122 Cal. 201, 203-204 [54 P. 740]; *In re McKinney* (1968) 70 Cal.2d 8, 10, fn. 1 [73 Cal.Rptr. 580, 447 P.2d 972]), where the grand jury has been finally discharged (*Shillitani* v. *United States* (1966) 384 U.S. 364, 371-372 [16 L.Ed.2d 622, 627-628, 86 S.Ct. 1531]), and where the litigation is otherwise terminated (*Ex Parte Rowe* (1857) 7 Cal. 175, 176-177; *Morelli* v. *Superior Court* (1969) 1 Cal.3d 328, 332 [82 Cal.Rptr. 375, 461 P.2d 655]). ■ On January 7, 1977, when the commission submitted to the Supreme Court of California its findings, conclusions and recommendation that petitioner be retired or removed from the office of associate justice of that court, the commission completed its function and the basis for the civil contempt no longer existed. The law neither does nor requires idle acts (Civ. Code, § 3532). Since the purpose of the order fixing the punishment for civil contempt was coercive, not punitive, its object being to obtain answers to questions for the commission, and since there is no longer any proceeding pending before the commission in which questions may be asked, the contemnor must be released from the restraint imposed upon him by the order of the superior court (*In re Lifschutz* (1970) 2 Cal.3d 415, 439, fn. 27 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1]).

The order of October 25, 1976, is hereby vacated.

Kane, J., and Rouse, J., concurred.

A petition for a rehearing was denied April 14, 1977, and petitioner's application for a hearing by the Supreme Court was denied May 12, 1977.