[Civ. No. 44088. First Dist., Div. Two. Aug. 1, 1978.]

EVELLE J. YOUNGER, as Attorney General, etc., Petitioner, v. THE SUPERIOR COURT OF MARIN COUNTY, Respondent; CARDELL GAYFIELD, Real Party in Interest.

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, John T. Murphy and Karl S. Mayer, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Quin Denvir, State Public Defender, Clifton R. Jeffers, Chief Assistant State Public Defender, Philip A. Schnayerson, Harriet W. Hirsch and David R. Lipson, Deputy State Public Defenders, for Real Party in Interest.

## OPINION

**KANE, J.**—Evelle J. Younger, Attorney General of the State of California, petitions this court for an extraordinary writ of mandate to compel respondent court to set aside its ex parte order of May 5, 1978, which restrains petitioner or his representatives from appearing at real party in interest's extended term hearing or at any other extended term hearing conducted by the Community Release Board pursuant to section 1170.2, subdivision (b), of the Penal Code. We issued a stay of the order pending our determination of the petition, and the matter has now been fully briefed by the parties. Since the issues to be decided are matters of law, we have determined that an order to show cause would add nothing to the full presentation already made, and we decide the matter peremptorily (*McComb* v. *Superior Court* (1977) 68 Cal.App.3d 89, 93 [137 Cal.Rptr. 233]).

■ We conclude that the petition is moot as to that portion of the order pertaining to real party in interest, who had his extended term hearing before the Community Release Board on May 9, 1978; further, that the portion of the court's order restraining petitioner or his representatives from appearing *at any other extended term hearing* conducted by the Community Release Board pursuant to section 1170.2, subdivision (b) of the Penal Code, exceeds the jurisdiction of respondent court in that it prevents the exercise of a public office, in a lawful manner, by the chief law officer of this state (Code Civ. Proc., § 526, subd. 6; Cal. Const., art. V, § 13) and, in addition, gives relief to persons not parties to the action.

Let a peremptory writ of mandate issue directing respondent court to set aside its order of May 5, 1978, and to dismiss the action.

Taylor, P. J., and Rouse, J., concurred.

A petition for a rehearing was denied August 31, 1978, and the petition of the real party in interest for a hearing by the Supreme Court was denied September 27, 1978.