[Civ. No. 51453. First Dist., Div. Two. Feb. 25, 1981.]

SAN FRANCISCO UNIFIED SCHOOL DISTRICT, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
WALTER SPEED, Real Party in Interest.

**COUNSEL**

Keith V. Breon, Louis T. Lozano, Patricia W. Mills and Breon, Galgani & Godino for Petitioner.

No appearance for Respondent.

Stewart Weinberg and Van Bourg, Allen, Weinberg & Roger for Real Party in Interest.

**OPINION**

**ROUSE, J.**—Walter Speed, the real party in interest (Speed), is a permanent, certificated employee of the San Francisco Unified School District (District). He is currently the subject of dismissal proceedings initiated by District. As a part of those proceedings, District petitioned the trial court for an order to compel Speed to submit to a deposition and to produce certain documents. The trial court denied District's petition and District now asks this court to direct the trial court to set aside its order. We accede to that request.

The case has been fully briefed by District and Speed, and since the issues to be decided are purely matters of law, we have determined that an order to show cause would add nothing to the full presentation al-

ready made. Thus we decide the matter peremptorily. (*McComb* v. *Superior Court* (1977) 68 Cal.App.3d 89, 93 [137 Cal.Rptr. 233].)

The matter arose when District's superintendent, Robert Alioto, filed, with its governing board, written charges and notice of intention to dismiss Speed (Ed. Code, § 44934),[1] alleging, as grounds for dismissal, immoral conduct (§ 44932, subd. (a)); evident unfitness for service (§ 44932, subd. (e)), and conviction of a felony and a crime involving moral turpitude (§ 44932, subd. (h)). Upon the filing of the charges, the governing board gave notice to Speed of his immediate suspension (§ 44939). At the latter's demand, a hearing on the matter has been set before the Commission on Professional Competence. (Ed. Code, §§ 44943, 44944.)

Pursuant to section 44944 District sought to exercise its right of discovery by serving Speed with a notice of taking deposition and to produce documents. Speed refused to attend the deposition, basing his refusal upon a "claim of privilege." In accordance with the provisions of section 44944, District then petitioned the superior court for an order compelling Speed to attend the deposition and to produce the requested documents.

■ Ordinarily, we do not entertain reviews of orders of trial courts in discovery proceedings. However, we have concluded that, in this instance, petitioner has shown a clear abuse of discretion by the trial court in the denial of its petition; further, the matter presents a question of first impression that is of general importance to the trial courts and the profession where general guidelines can be laid down for future cases. (*Roberts* v. *Superior Court* (1973) 9 Cal.3d 330, 336 [107 Cal. Rptr. 309, 508 P.2d 309].)

■ Speed has taken the position throughout these proceedings that, pursuant to section 11513, subdivision (b), of the Government Code,[2]

---

[1]Except where otherwise specified, all statutory references are to the Education Code.

[2]Section 11513, subdivision (b), of the Government Code, provides: "(b) Each party shall have these rights: to call and examine witnesses; to introduce exhibits; to cross-examine opposing witnesses on any matter relevant to the issues even though that matter was not covered in the direct examination; to impeach any witness regardless of which party first called him to testify; and to rebut the evidence against him. If respondent does not testify in his own behalf he may be called and examined as if under cross-examination."

he has a privilege not to be called as a witness prior to the time he has given testimony at the hearing before the Commission on Professional Competence; further, he contends that, because the hearing is punitive in nature and the dismissal proceedings are grounded upon the violation of criminal statutes, he is entitled to the same protection afforded to a defendant in a criminal proceeding. On the other hand, District contends that section 11513, subdivision (b), of the Government Code, relates to the conduct of the administrative hearing and does not affect the right of discovery, which right may not be limited. We agree.

Section 44944 provides, in pertinent part, that "the right of discovery of the parties shall not be limited to those matters set forth in Section 11507.6 of the Government Code but shall include the rights and duties of any party *in a civil action brought in a superior court*." (Italics added.)

In *McComb* v. *Superior Court, supra,* 68 Cal.App.3d 89, a judge who was the subject of a proceeding to inquire into his fitness to perform his duties as a justice of the Supreme Court of California refused to obey a subpoena and order for the taking of his deposition, asserting his constitutional privilege not to be called as a witness and not to testify. This court concluded that the order of the superior court and the subpoena directing the judge to appear and testify at the deposition were valid, and that the judge's disobedience of the order and subpoena was a contempt of the authority of the court. This court held that "a judge who is the subject of proceedings 'which are *neither criminal nor before a "court of justice"* ... ' [citation] does not have the privilege afforded to a defendant in a criminal case to refuse to respond as a witness and to testify (Evid. Code, § 930); he may be called upon to testify and can refuse only to disclose a matter that may tend to incriminate him (Evid. Code, § 940). [Citation.]" (P. 98; italics added.)

The same principle applies in this case. The proceedings brought against Speed by District are neither criminal nor before a court of justice, and the commission has no authority, in this proceeding, to prosecute or punish Speed for a public offense. Accordingly, we conclude that no privilege is afforded to Speed by the provisions of section 11513, subdivision (b), of the Government Code; further, that Speed may be compelled to appear and testify at his deposition, and that he can refuse only to disclose a matter which may tend to incriminate him.

Let a peremptory writ of mandate issue to compel respondent superior court to vacate its order of December 17, 1980, and to proceed in accordance with the views expressed herein.

Taylor, P. J., and Smith, J., concurred.

A petition for a rehearing was denied March 27, 1981.