Filed 11/6/23  P. v. Grimes CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C096366 |
| Plaintiff and Respondent, | (Super. Ct. No. MANCRFDV202010073) |
| v. | |
| KEVIN DONNTE GRIMES, JR., | |
| Defendant and Appellant. | |

A jury found defendant Kevin Donnte Grimes, Jr., guilty of attempted stalking, witness intimidation, and contempt of court.  In a separate bench trial, the court found true beyond a reasonable doubt the allegations that defendant had two prior strikes under the Three Strikes Law.  Applying that law, the court sentenced defendant to (1) 25 years to life for the witness intimidation conviction, (2) three years for the attempted stalking conviction, by doubling an 18-month base term, and (3) no additional time for the contempt conviction.

1

Defendant raises several challenges to the judgment. He appeals the witness intimidation conviction and sentence as violating his rights to equal protection, and he appeals the contempt conviction on the grounds that a statutory bar to punishment for this act renders the act non-criminal. He also appeals the trial court's application of the Three Strikes Law, asserting a technical pleading error. And he separately challenges the base sentence used for the attempted stalking conviction as incorrect and challenges the entire sentence for that conviction on the ground that the trial court did not consider defendant's potential benefit from treatment in a state hospital. We modify the judgment to correct the base term for the attempted stalking conviction and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2021, the People filed an information charging defendant with five counts: (1) inflicting corporal injury on a present or former dating partner (Pen. Code, § 273.5, subd. (a) [all further undesignated section references are to the Penal Code]; count one); (2) felony stalking (§ 646.9, subd. (a); count two); (3) felony stalking in violation of a court order (§ 646.9, subd. (b); count three); (4) attempting to prevent or dissuade a witness from reporting a crime (§ 136.1, subd. (b)(1); count four); and (5) contempt of court by violating a protective order or stay-away court order (§ 166, subd. (c)(1); count five).

As to counts one through four, the People alleged defendant had two prior strikes under the Three Strikes Law. For counts one through three, the People alleged one strike for first degree burglary and the other for robbery. But for count four, the People alleged duplicate robbery strikes. Defendant pled not guilty to all counts and denied the strike allegations.

A few days before trial began, the People moved to amend the information (1) to replace one of the duplicate robbery strikes alleged on count four with the same first degree burglary strike alleged on counts one through three and (2) to allege that the two strikes (on counts one through four) triggered five-year enhancements under the Three

2

Strikes Law (Three Strikes enhancements). Defendant offered no objection to the first change but argued the second change was "fundamentally unfair" due to its presentation "at the midnight hour of trial." The court took the matter under submission.

The jury trial began on August 31, 2021. Following the People's opening statement, the court granted their motion to file the amended information. The next day, the People again moved to amend the information, this time to amend count four to charge defendant with a violation of section 136.1, subdivision (a)(2) (attempting to dissuade a witness or victim from giving testimony at a trial, proceeding, or inquiry authorized by law) in place of the original section 136.1, subdivision (b)(1) charge (attempting to prevent or dissuade a witness or victim from reporting a crime). Defendant stated this change corrected a typographical error and affirmed he had no objection to the amendment. The court granted the motion and accepted the second amended information the People filed.

After two days of trial, the court advised the People that stalking and stalking in violation of a court order are a single count under *People v. Muhammad* (2007) 157 Cal.App.4th 484, 494. The court advised the People to dismiss count two, and the People agreed. The court required a jury instruction for the lesser included offense of attempted stalking under count three.

The jury was unable to reach a verdict as to count one and found defendant not guilty of stalking under count three. But the jury found defendant guilty of the lesser included offense of attempted stalking under count three (the attempted stalking conviction). The jury also found defendant guilty of counts four and five (the witness intimidation conviction and the contempt conviction, respectively).

Following a separate bench trial as to the alleged strikes, the court found beyond a reasonable doubt that defendant was convicted of the two alleged strikes. The court denied defendant's motions to strike the strikes and to reduce the witness intimidation conviction to a misdemeanor. The court sentenced defendant to 25 years to life for the

3

witness intimidation conviction and dismissed the Three Strikes enhancements under section 1385 in the interest of justice. For the attempted stalking conviction, the court imposed "the middle term, which is 18 months," doubled that term due to the prior strikes to three years, stayed the resulting three-year term under section 654, and imposed a 10-year restraining order as to Jane Doe. The court imposed no additional time for the contempt conviction, "as this will also be stayed pursuant to . . . [s]ection 654."

Defendant timely appeals and raises the following six contentions: (1) the sentences imposed under the Three Strikes Law for the attempted stalking and witness intimidation convictions should be vacated because defendant was not arraigned on the operative information; (2) the court imposed the wrong base term for the attempted stalking conviction; (3) the sentence imposed for the attempted stalking conviction should be reversed and remanded because the court failed to consider whether defendant would benefit from treatment in a state hospital; (4) if the three-year sentence on the attempted stalking conviction is affirmed, the abstract of judgment should be modified to reflect that sentence; (5) the witness intimidation conviction and associated sentence violate defendant's right to equal protection of the laws; and (6) the contempt conviction should be reversed because no punishment can be imposed. As we shall explain, only the second contention has merit.

DISCUSSION

I

*The Trial Court's Application of the Three Strikes Law*

The Three Strikes Law is contained in section 667, subdivisions (b)-(i) and section 1170.12.[1] (*People v. Farias* (2023) 92 Cal.App.5th 619, review granted September 27,

---

[1] Section 667 reflects the Legislature's codification of the Three Strikes Law, while section 1170.12 reflects the law added via ballot initiative. (*People v. Henderson* (2022) 14 Cal.5th 34, 43.) The two nearly identical enactments "have reposed, somewhat

2023, S281027.) Under that law, if a defendant has two or more prior convictions that qualify as strikes and the current offense also qualifies as a strike, the defendant must receive a mandatory indeterminate life sentence to state prison, the minimum term of which is 25 years. (§ 667, subd. (e)(2); § 1170.12, subd. (c)(2).) Witness intimidation in violation of section 136.1 qualifies as a strike. (§ 667, subd. (d); § 1192.7, subd. (c).) If the current offense does not qualify as a strike, then the sentence must be twice the term provided for that current offense. (§ 667, subd. (e)(1).) The Three Strikes Law also requires the court to impose a five-year enhancement for each prior serious felony conviction. (§ 667, subd. (a); *People v. Shaw* (2020) 56 Cal.App.5th 582, 586.)

Here, the trial court applied the Three Strikes Law to sentence defendant to 25 years to life for the witness intimidation conviction and double the sentence for the attempted stalking conviction. Defendant argues these increases are unauthorized because defendant entered a plea to only the original information but the second amended information, on which he was not arraigned, became the operative pleading. Thus, he appears to claim his original plea was nullified and the Three Strikes allegations were never put in issue. In support, defendant relies on the language of the Three Strikes Law that requires the People to plead and prove prior serious or violent felony convictions. (See, e.g., § 667, subds. (c), (e), (g).) He claims that when the prosecution amends the information, the pleading component of the plead and prove requirement can be satisfied only if the defendant is rearraigned on the entire information. Defendant admits that the "Supreme Court has not . . . actually undertaken an in depth analysis of the Three Strikes law's 'plead' requirement" and "whether a defendant's *plea* to 'strikes' allegations is a necessary part of the 'plead' or 'prove' elements." And he does not identify any court of appeal that has undertaken such an analysis. But he concludes that in the "context of

cumbersomely, in the code since that time." (*Ibid*.; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504.)

criminal prior-conviction litigation, the defendant's plea is necessarily and essentially included in the Three Strikes Law's 'plead and prove' requirement."

Defendant's argument is unpersuasive. Under the plain language of the Three Strikes Law, the prosecutor bears the burden of pleading and proving prior convictions. (§ 667, subds. (c)(1), (e)(1), (f)(1); § 1170.12, subds. (a)(1), (c)(1), (d)(1); *People v. Roman* (2001) 92 Cal.App.4th 141, 145.) In that context, the term "pleading" refers to the People's allegations. (See, e.g., *People v. Tennard* (2017) 18 Cal.App.5th 476, 487 [prosecution's allegations sufficient to satisfy pleading requirement of the Three Strikes Law]; *People v. Anderson* (2020) 9 Cal.5th 946, 953 [requirement that prosecution has "pled and proved" that defendant committed felony on behalf of a street gang not met where operative pleading did not allege the enhancement].) Defendant provides no basis to conclude that the term "pleading" under the Three Strikes Law includes the defendant's responsive plea.

Moreover, defendant's original plea – not guilty as to the counts and denial of the prior convictions – was sufficient to place the People's allegations, including the prior convictions, at issue. (See §§ 1019, 1025; *People v. John* (2019) 36 Cal.App.5th 168, 175.) The absence of an arraignment on the amended information that alleged the same prior convictions does not make the prior convictions no longer at issue for purposes of the Three Strikes Law. This is particularly true here where there was a bench trial on defendant's original denial of those convictions. (See *People v. Walker* (1959) 170 Cal.App.2d 159, 164 [no prejudice to defendant from lack of rearraignment where defendant receives full benefit of a not guilty plea].) Thus, there is no merit to defendant's claim that the sentences imposed under the Three Strikes Law were unauthorized. (See *People v. Burnett* (2004) 116 Cal.App.4th 257, 260-261.)

The same is true of the Three Strikes enhancement allegations. Those allegations pertained to the same prior convictions that defendant denied, and the bifurcated court trial proceeded based on defendant's denial of both the convictions and the associated

6

enhancements.  Moreover, the court dismissed the enhancements under section 1385 because the same prior convictions were used to impose the 25-year sentence.  Thus, any error the trial court committed as to defendant's plea with respect to the enhancements was harmless.  (See *People v. Watson* (1956) 46 Cal.2d 818, 836.)  We also reject defendant's contention, made for the first time on reply, that the trial court lacked the authority to dismiss the true findings as to the enhancements.  Defendant provides no supporting authority for this contention and fails to demonstrate prejudicial error.  (See Cal. Const., art. VI § 13; *People v. Coley* (1997) 52 Cal.App.4th 964, 972 [appellant bears burden of showing error and resulting prejudice]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

II

*The Base Term for the Attempted Stalking Conviction*

The trial court sentenced defendant to the middle term for the attempted stalking conviction that the court identified as 18 months.  The court doubled that time to three years due to the strikes and stayed the sentence pursuant to section 654.  The parties agree the court imposed the wrong term, and we concur.

Felony stalking is punishable by imprisonment for 16 months, two years, or three years in state prison.  (§§ 646.9, subd. (a); 18, subd. (a).)  The punishment for attempted felony stalking is one-half the term prescribed for felony stalking, i.e., 8 months, one year, or 18 months.  (§§ 664, 1159; *People v. Cummings* (2021) 61 Cal.App.5th 603, 608.)

The middle term for attempted felony stalking is one year, doubling of which results in a term of two years, not the three years the trial court imposed.  Defendant contends the three-year term must be reversed and the case remanded for resentencing.  This contention is based on defendant's expectation that the People would argue the court imposed the correct term.  Because the People concede the sentencing error and because that error is clear under the record, remand for resentencing is not required.  We modify

7

the sentence to reflect the correct two-year term.  Having reached this conclusion, we need not address defendant's separate argument that the abstract of judgment should be corrected to reflect the three-year term.

III

*The Trial Court's Consideration of Section 646.9, Subdivision (m) for the Attempted Stalking Sentence*

When a person is convicted of stalking, section 646.9, subdivision (m) requires the sentencing court to determine whether the defendant would benefit from treatment through the Department of Mental Health.  Defendant contends remand for resentencing is required because the trial court failed to make this determination.  We disagree.

Defendant forfeited this contention by failing to object in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 353.)  The asserted error could have been remedied by raising it at sentencing.  (*People v. McCullough* (2013) 56 Cal.4th 589, 593.)  Also, because section 646.9, subdivision (m) does not require any express findings, we presume the trial court considered a recommendation under section 646.9, subdivision (m) and found it inappropriate.  (See *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 [trial court is presumed to have been aware of and followed applicable law]; Evid. Code, § 664.) Defendant makes five attempts to undermine or rebut this presumption, but none have merit.  (See *People v. Tang* (1997) 54 Cal.App.4th 669, 677 [defendant bears burden to demonstrate the trial court misunderstood its sentencing discretion].)

First, defendant contends we cannot apply this presumption because it is unclear whether section 646.9, subdivision (m) applies to attempted stalking and we cannot presume the trial court applied it here.  We reject this contention.  Based on its plain language, section 664 is intended to align punishment for an attempted crime with punishment for a completed crime, with the former generally reduced to half of the latter. Allowing for treatment in a state hospital in lieu of prison or jail time for completed

8

stalking but not attempted stalking would be inconsistent with that intent. Thus, we see no ambiguity that section 646.9, subdivision (m) applies to a conviction for attempted stalking under sections 664 and 646.9. (See *Kerner v. Superior Court* (2012) 206 Cal.App.4th 84, 124 [if courts can reasonably harmonize two statutes dealing with the same subject, then they must give concurrent effect to both].)

Second, defendant argues we cannot treat the trial court's silence as to section 646.9, subdivision (m) as compliance with that provision when the trial court expressly relied on different subdivisions of that section, namely section 646.9, subdivisions (b) and (k). Again, we disagree. As to section 646.9, subdivision (b), we reject defendant's claim that the trial court relied on that provision in imposing the three-year sentence for the attempted stalking conviction. As discussed earlier, the record is clear that the court selected the incorrect term for this conviction. Nothing in the record indicates that the court relied on section 646.9, subdivision (b) as the basis for that term. As to section 646.9, subdivision (k), while the court did expressly rely on that provision to impose a 10-year restraining order on defendant, we reject defendant's contention that such reliance is "compelling evidence that the court, when exercising section 646.9 power, would identify the provision which authorized the court to act." Defendant offers no authority for this contention and his argument is unpersuasive. The trial court's express invocation of section 646.9, subdivision (k) evidences the court's familiarity with the various requirements of that section and bolsters the presumption that it was aware of section 646.9, subdivision (m) but found it inappropriate to apply in these circumstances.

Third, defendant argues the presumption is rebutted because we can infer from defendant's probation report that the probation officer was unaware of section 646.9, subdivision (m). But the presumption we apply concerns the trial judge's awareness and compliance, not that of the probation officer.

Fourth, defendant points to the prosecution's arguments in opposition to defendant's motion to reduce his witness intimidation conviction to a misdemeanor.

9

According to defendant, those arguments made the trial court aware that mental competency proceedings had been initiated against defendant following the incident that served as the basis for the conviction and such awareness should have prompted the court to consider section 646.9, subdivision (m) in sentencing. But the record demonstrates that the trial court considered the evidence presented at trial regarding the incident and found that defendant exhibited controlling behavior, which the court described as the same behavior underlying the stalking conviction. Defendant does not challenge the trial court's finding regarding this behavior and we see no error in the court's implied finding that controlling behavior does not support a recommendation for prison hospitalization under section 646.9, subdivision (m).

And fifth, defendant attempts to transfer a provision from a different statute to section 646.9, subdivision (m). Specifically, section 1203, subdivision (b) requires sentencing courts to order probation reports when defendants are convicted of felonies eligible for probation and to attest to having considered the contents of such reports. Defendant contends we should extend the same attestation requirement to section 646.9, subdivision (m). Defendant thereby asks us to rewrite section 646.9 and add language the Legislature clearly knows how to articulate. This request is beyond our authority. (*Singh v. Southland Stone, U.S.A., Inc.* (2010) 186 Cal.App.4th 338, 363.)

IV

*Equal Protection and the Witness Intimidation Conviction and Sentence*

Section 136.1 makes it a crime to knowingly and maliciously prevent or dissuade a witness or victim from giving testimony at trial or to *attempt* to do so. (§ 136.1, subd. (a)(2).) Both the attempt to dissuade and the achievement of the dissuasion require a knowing and malicious intent and are punished by imprisonment in county jail (for not more than one year) or in state prison. (§ 136.1, subd. (b).) Defendant claims that applying the same intent and punishment to both an attempted violation and a completed

10

violation of section 136.1 violates his constitutional guarantee to equal protection of the laws. We disagree.

Both the United States Constitution and the California Constitution guarantee that no person shall be denied equal protection of the laws. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.) This means that similarly situated persons must be treated in like manner unless there is a sufficiently good reason to treat them differently. (*People v. Morales* (2016) 63 Cal.4th 399, 408; *Engquist v. Or. Dep't. of Agric.* (2008) 553 U.S. 591, 602.) Thus, the " 'first prerequisite to a meritorious claim under the equal protection clause is showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' " (*People v. Nguyen* (1997) 54 Cal.App.4th 705, 714 (*Nguyen*).) In the absence of such a showing, the equal protection claim "cannot succeed, and does not require further analysis." (*Ibid.*)

Here, defendant identifies the similarly situated groups as those convicted of attempted violations of section 136.1 and those convicted of attempted violations of other crimes. According to defendant, attempted and completed violations of section 136.1 have the same mental state and punishment while attempted and completed violations of other crimes have different mental states and punishments. Defendant provides the example of murdering a witness, which defendant describes as the "quintessential way of preventing witness testimony." Defendant takes issue with the fact that persons who commit murder or attempted murder for the purpose of preventing a witness from testifying are subject to different mental states (with the completed crime having a more culpable mens rea than the attempted crime) and different punishments (with the completed crime being more severely punished than the attempted crime) while persons who dissuade a witness from testifying and those who attempt such dissuasion are subject to the same mental state and punishment. Defendant's argument lacks merit.

Defendant's choice of criminal attempt offenders as the similarly situated class is too broad for equal protection analysis. (See *People v. Macias* (1982) 137 Cal.App.3d

11

465, 473.)  Generally speaking, "[p]ersons convicted of different crimes are not similarly situated for equal protection purposes."  (*Ibid*., italics omitted.)  A limited exception to this rule applies when the crimes are not sufficiently different to justify different treatment.  (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200.)  No such similarity appears between the two groups defendant identifies.  Attempted murder requires a direct but ineffectual act towards killing a person while attempted witness intimidation requires an ineffectual act toward preventing a witness from testifying.  (§ 21a; see *People v. Doyle* (2013) 220 Cal.App.4th 1251, 1267 [no doubt those convicted of manslaughter can be treated differently from murderers].)  The fact that the crimes share a malicious state of mind does not render the offenders similarly situated for equal protection purposes given the fact that attempted murder requires a specific intent to kill while attempted witness intimidation requires a specific intent to dissuade a witness from testifying.  (*People v. Smith* (2005) 37 Cal.4th 733, 739; *People v. Navarro* (2013) 212 Cal.App.4th 1336, 1347.)

Defendant's equal protection claim is based on the imposition of different levels of punishment on defendants convicted of distinctly different crimes.  But " '[t]he Legislature is responsible for determining which class of crimes deserves certain punishments and which crimes should be distinguished from others.  As long as the Legislature acts rationally, such determinations should not be disturbed.' "  (*People v. Wilkinson* (2004) 33 Cal.4th 821, 840.)  The legislative history of section 136.1 supplies such rationalization.  Before 1981, attempted witness intimidation was subject to lower punishment than successful witness intimidation.  (Compare former § 136, as amended by Stats. 1979, ch. 944, § 1, with § 136.1, as added by Stats. 1980, ch. 686, § 2.1.)  The 1981 amendment made attempts to prevent or dissuade witnesses and victims punishable to the same extent as successful prevention or dissuasion.  (Assem. Com. on Criminal Justice, Analysis of Assem. Bill No. 2909 (1979-1980 Reg. Sess.) as introduced, p. 1.)  In making that change, the Legislature specifically questioned whether the attempt to

12

commit the crime should "be part of the substantive crime or be punishable separately under the attempt section." (*Id*. at p. 2.) The Legislature opted for the former, basing its decision on an American Bar Association study which found that (1) only unsuccessful attempts of witness or victim intimidation are ever discovered or reported and (2) such attempts are as serious as successful acts and should be punished equally. (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2909 (1979-1980 Reg. Sess.) as amended April 9, 1980, pp. 2, 4.) Because defendant fails to establish that any unequally treated classes are similarly situated, his "equal protection claim cannot succeed, and does not require further analysis." (*Nguyen, supra,* 54 Cal.App.4th at p. 714.)

V

*The Contempt Conviction*

A jury found defendant guilty of contempt under section 166, subdivision (c)(1). The court did not add incarceration time for this conviction because the underlying conduct was argued "as part of the original stalking behavior" and any additional time would need to be stayed under section 654, which bars multiple punishments for a single act. (See *People v. Soto* (2016) 245 Cal.App.4th 1219, 1235.) Defendant contends the contempt conviction should be reversed because "he cannot be punished for his act of contempt under section 166, subdivision (e)(5) and section 15." This contention lacks merit.

Section 166, subdivision (e)(5) provides that a conviction or acquittal for witness intimidation or stalking "shall be a bar to a subsequent punishment for contempt arising out of the same act." Defendant argues this bar applies to his contempt conviction because he was convicted of witness intimidation and acquitted of stalking and the facts underlying the conviction and acquittal arose out of the same act as the contempt conviction. Then, defendant turns to section 15. Section 15 defines the term "crime" as an act "committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, either of [certain] punishments." Thus, there must

13

exist "both prohibited or commanded acts and punishment for violation thereof; without both, there is not crime." *(People v. Crutcher* (1968) 262 Cal.App.2d 750, 754.) Defendant argues that the contempt conviction should be reversed because a punishment cannot be imposed for that conviction under section 166, subdivision (e)(5) and a crime cannot exist without a punishment under section 15. Defendant misinterprets both provisions.

Section 166, subdivision (e)(5) does not prohibit punishment for defendant's contempt conviction but rather prohibits *double* punishment for the underlying act, and defendant does not dispute that the trial court complied with that prohibition. Section 15 determines whether a statute prescribes a crime. (See 1 Wharton's Criminal Law (16th ed. 2021) § 3:1, p. 48 ["The possibility of punishment helps to distinguish a penal law provision from a civil law provision"].) It does not prohibit or undermine a conviction for a crime simply because the court credits or stays the punishment for that crime as required by another statutory provision.

## DISPOSITION

We modify the judgment to reduce the term for the attempted stalking conviction to two years.  As modified, the judgment is affirmed.

The clerk of the superior court shall prepare an amended abstract of judgment to reflect a two-year term for count three, stayed under section 654.  The clerk of the superior court shall forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

   /s/
MESIWALA, J.

We concur:

   /s/
EARL, P. J.

   /s/
KEITHLEY, J.*

---

*    Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

15